## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| JOBIAS VONDERA ARTIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 5:12-02666 |
| | ) | |
| JOEL ZEIGLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

### FACT AND PROCEDURE

A.      **Criminal Action No. 5:05-cr-0296:**

On December 19, 2006, Petitioner was convicted in the Eastern District of North Carolina of Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 371 (Count One); Armed Bank Robbery and Aiding and Abetting in violation of 18 U.S.C. § 2113(a), 2113(d), and 2 (Count Three); and Using, Carrying, and Possessing a Firearm During and in relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and 2 (Count Four). United Statement v. Artis, Case No.

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

5:05-cr-00296 (E.D.N.C. April 4, 2007), Document No. 124. On April 4, 2007, the District Court ordered that Petitioner serve a total term of 154 months incarceration. Id., Document No. 143. Petitioner filed his Notice of Appeal on April 10, 2007. Id., Document No. 140. On March 10, 2008, the Fourth Circuit affirmed Petitioner's conviction and sentence. Id., Document No. 157; United States v. Artis, 311 Fed.Appx. 562 (4ᵗʰ Cir. 2008).

**B.      First Section 2255 Motion:**

On June 16, 2008, Petitioner filed in the Eastern District of North Carolina his first Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Artis, Case No. 5:05-cr-0296, Document No. 160. In his Motion, Petitioner asserted that trial counsel was ineffective because (1) trial counsel had a conflict of interest; (2) trial counsel failed to pursue a viable alibi defense; and (3) trial counsel would not allow Petitioner to exercise his right to testify. Id. On July 31, 2008, the United States filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Id., Document No. 166. On August 20, 2008, Petitioner filed his Response. Id., Document No. 170. By Memorandum Opinion and Order entered on September 14, 2009, the District Court granted the United States' Motion and dismissed Petitioner's Section 2255 Motion. Id., Document Nos. 174 and 175. Petitioner filed a Notice of Appeal on September 28, 2009. Id., Document No. 178. On April 2, 2010, the Fourth Circuit dismissed Petitioner's appeal. Id., Document Nos. 183 - 184; United States v. Artis, 372 Fed.Appx. 430 (4ᵗʰ Cir. 2010).

**C.      Section 2241 Petition:**

On July 6, 2012, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 5:12-02666, Document No. 1.) Petitioner challenges his sentencing enhancement based upon Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010),

2

and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Id.) Specifically, Petitioner argues that it is no longer permissible for a Court to employ a hypothetical approach when determining whether a prior offense was punishable by a term of imprisonment exceeding one year. (Id.) Petitioner claims that the sentencing court improperly considered his convictions for providing "fictitious information to an officer" and "failure to return rental property." (Id.) Petitioner argues that "since the State of North Carolina did not punish Artis to any amount of imprisonment, neither the U.S. Government nor the Sentencing Commission can take his [prior convictions] into account when sentencing Artis." (Id.) Petitioner, therefore, requests that the Court grant his Section 2241 Petition.[2] (Id.)

**D.     Second Section 2255 Motion:**

On July 15, 2013, Petitioner filed in the Eastern District of North Carolina his second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Artis, Case No. 5:05-cr-0296, Document No. 209. In his Motion, Petitioner asserted the Court improperly enhanced his sentence

---

[2]   A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI Beckley, located in Beckley, West Virginia. FCI Beckley lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Butner, which is located in the Eastern District of North Carolina. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to a prison outside this District.

in violation of <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).[3] <u>Id.</u>

By Memorandum Opinion and Order entered on July 30, 2013, the District Court determined that

Petitioner's Section 2255 Motion was second or successive and dismissed his Section 2255 Motion.

<u>Id.</u>, Document Nos. 214 and 215.

### E.    Motion to Reduce Sentence:

On November 4, 2013, Petitioner filed in the Eastern District of North Carolina a Motion to

Reduce Sentence pursuant to 18 U.S.C. 3582. <u>Id.</u>, Document No. 218. Specifically, Petitioner argued

that he was entitled to a sentencing reduction based upon <u>Alleyne v. United States</u>, ___ U.S. ___,

133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). <u>Id.</u> By Order entered on November 13, 2013, the District

Court denied Petitioner's Motion. <u>Id.</u>, Document No. 220.

### <u>ANALYSIS</u>

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court

must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. § 2241(c)(3); <u>Rose v. Hodges</u>, 423 U.S. 19, 21, 96 S.Ct. 175, 177,

46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas*

*corpus* authority. <u>See</u> <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific

grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. §

---

[3] To the extent Defendant relies upon *Alleyne*, the Fourth Circuit has determined that *Alleyne* is not retroactive for purposes of collateral review. *United States v. Stewart*, 2013 WL 5397401 (4th Cir. Sep. 27, 2013)("*Alleyne* has not been made retroactively applicable to cases on collateral review."); *also see United States v. Redd*, 735 F.3d 88, 91 - 92 (2nd Cir. 2013); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *Williams v. United States*, 2014 WL 258631 (S.D.W.Va. Jan. 23, 2014)("*Alleyne* has not been held to apply retroactively on collateral review") *Manning v. United States*, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); *Muhammad v. Purdue*, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); *United States v. Reyes*, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); *United States v. Eziolisa*, 2013 WL 3812087 (S.D.Ohio July 22, 2013).

2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the Eastern District of North Carolina. Specifically, Petitioner contends that his sentence was improperly enhanced. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of

determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion Petitioner's because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[4]

---

[4] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the

---

by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A).

prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct

of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy

the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re

Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an

entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that

the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d

263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the

[Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re

Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is

inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy

provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of

his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6

(S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and

cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to

Section 2241. Petitioner does not allege an intervening change in law that establishes his actual

innocence of the underlying conviction. Citing Simmons and Carachuri-Rosendo, Petitioner argues

that the sentencing Court improperly considered a prior state conviction for purposes of enhancing

his sentence. The undersigned finds that Petitioner's challenge to the validity of his *sentence* based

upon Simmons and Carachuri-Rosendo does not meet the requirements of the saving clause.[5] See

---

[5] In 2010, the United States Supreme Court decided *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). In *Carachuri-Rosendo*, the Supreme Court held that when determining whether a conviction is an 'aggravated felony' for purposes of the Immigration

Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Underwood v. Cauley, Case No. 1:11-cv-0217(S.D.W.Va. Aug. 22, 2014)(J.Faber)(finding petitioner's claim that he was actually innocent of being a career offender, a sentencing enhancement, not cognizable under Section 2241); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon *Simmons*, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective

---

and Nationality Act, the Court must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. *Id.* Subsequently, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In *Simmons*, the Fourth Circuit vacated defendant's sentence in light of *Carachuri-Rosendo*. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. *Id.* at 244. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. *Id.* On August 21, 2013, the Fourth Circuit determined that *Simmons* is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. *Miller v. United States*, 2013 WL 4441547 (4th Cir. Aug. 21, 2013). The undersigned notes that Defendant's case does not involve a Section 922(g) conviction.

merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466,

88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: April 14, 2015.

R. Clarke VanDervort
United States Magistrate Judge

11